IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,374-02






EX PARTE ROBERT LEE OCANAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 47903-B IN THE 181ST DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of conspiracy to
commit murder and sentenced to thirty-seven (37) years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Ocanas v. State, No. 07-04-004225-CR (Tex. App. - Amarillo,
September 20, 2005, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not object to witnesses' hearsay testimony. Specifically, counsel did not make hearsay or
confrontation clause objections to the testimony of Antero Molina, Neely Guest, or Rebecca Cerda
describing Ray Placencio's statements to them after the offense; and the testimony of Bobby Gene
Reneau and Cynthia Carrasco describing Ricky Gallegos's statements to them after the offense. In
addition, Applicant contends that trial counsel failed to request an accomplice witness instruction
as to the testimony of Ruben Valadez.

 This application is not subject to dismissal as a subsequent application because this Court
did not make a final disposition of the initial application challenging this conviction. Ex parte
Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997). Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint counsel
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 20, 2006

Do not publish